UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-81258-BLOOM

JACOB GIBBS,

    Plaintiff,
v.

MARY MITCHELL, *et al.*,

    Defendants.
_____/

## SCREENING ORDER

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. On August 30, 2023, Plaintiff Jacob Gibbs, proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, ECF No. [1].[1] In the Complaint, Plaintiff raises (1) a First Amendment Access to the Courts claim against Defendants Mary Mitchell and Stephanie Peskowitz in their individual capacities, (2) a Deliberate Indifference Based on a Failure to Train claim against Defendant Sheriff L. Bradshaw in his official capacity, and (3) a First Amendment Freedom of Speech claim against an unidentified individual. *See generally id.* Because Plaintiff has not paid the Court's filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. For the reasons explained below, the Complaint — and the claims raised therein — are dismissed without prejudice due to Plaintiff's failure to state a claim.

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

Case No. 23-cv-81258-BLOOM

## I. BACKGROUND

Plaintiff is incarcerated at West Detention Center in Belle Glade, Florida. *See* ECF No. [1] at 1. The Complaint names three Defendants: (1) Mary Mitchell, Law Associate at West Detention Center; (2) Stephanie Peskowitz, Division Commander; and (3) Ric L. Bradshaw, Sheriff of the Palm Beach County Sheriff's Office. *See id.* at 1-2. Plaintiff alleges that inmates at West Detention Center are unable to access the facility's law library and must rely on law associates to conduct legal research. *See id.* at 3. Inmates are entitled to two law requests per day. *See id.*

Plaintiff claims that, since January 2023, Defendant Mitchell has refused to process over forty of his law requests by either withholding his law request forms or sending them back unprocessed; those actions have interfered with Plaintiff's ability to draft and file pleadings. *See id.* at 4-5. Plaintiff brought Defendant Mitchell's alleged unconstitutional conduct to the attention of Defendant Peskowitz by filing a grievance. *See id.* at 6. Defendant Peskowitz returned the grievance to Plaintiff, stating it was "not valid." *Id.* Plaintiff argues that Defendant Bradshaw is responsible for the purportedly unconstitutional pattern of conduct at West Detention Center due to his failure to properly train staff. *See id.*

Plaintiff also alleges he drafted a letter he intended to send to his attorney but needed it to be photocopied before he sent it. *See id.* Plaintiff delivered the letter to an unidentified individual for photocopying, but he never received the photocopy, and the unidentified individual never returned the letter. *See id.*

For his injuries, Plaintiff seeks monetary damages. *See id.* at 3.

## II. LEGAL STANDARD

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that

2

the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a) (alterations added). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; other alteration added; citation and quotation marks omitted).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III. DISCUSSION

### A. First Amendment Access to the Courts Claim

Plaintiff raises a First Amendment Access to the Courts claim against Defendants Mitchell and Peskowitz in their individual capacities.[2] To state a First Amendment Access to the Courts claim, Plaintiff must plausibly allege two elements: (1) that he has "a nonfrivolous, arguable underlying claim," and (2) that Defendants Mitchell and Peskowitz took some "official act" which "frustrat[ed] the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (alteration added; quotation marks omitted). The Defendants' actions, in other words, must have "caused an actual

---

[2] Plaintiff states he is also bringing a Fourteenth Amendment Due Process Claim against these Defendants. However, the allegations brought under that claim support a First Amendment Access to the Courts claim rather than a substantive or procedural due process claim under the Fourteenth Amendment. As such, the Court will not address the Fourteenth Amendment Due Process claim in this Order.

harm" by "unconstitutionally prevent[ing] [Plaintiff] from exercising that fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement." *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (alterations added; citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)).

Plaintiff alleges that Defendant Mitchell's persistent refusal to fulfill his law requests and Defendant Peskowitz's failure to correct Defendant Mitchell's purportedly unconstitutional conduct interfered with his ability to draft and file pleadings. *See* ECF No. [1] at 4 ("[Defendant Mitchell's] conduct deprives [Plaintiff of] the ability to perform necessary preliminary research for [a] nonfrivolous [§] 1983 complaint about deputies['] constitutional violations[,] [a]s well as . . . [the] ability to attack [a] wrongful guilty plea . . . based on ineffective counsel. . . . I was forced to send [an] ill-informed motion to vacate."); *id.* at 6 (explaining that Plaintiff brought Defendant Mitchell's conduct to the attention of Defendant Peskowitz).

Plaintiff's allegations are insufficient to plausibly allege a First Amendment Access to the Courts claim against Defendants Mitchell and Peskowitz because he does not allege that he suffered an actual injury. To show an "actual injury," the plaintiff must prove "that the prison officials' actions impede[d] the inmate's pursuit of a non[]frivolous[ legal claim,]" *and*, because of that action, the court denied relief. *Mitchell v. Peoples*, 10 F.4th 1226, 1230 (11th Cir. 2021) (alterations added; citations and quotation marks omitted). While it is true that Defendant Mitchell's actions — and Defendant Peskowitz's inaction — interfered with Plaintiff's efforts in drafting and filing pleadings, Plaintiff does not allege that he has received an adverse decision as a result of the Defendants Mitchell and Peskowitz's conduct. *See, e.g.*, *Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998) ("This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded

4

the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." (citations omitted)). Plaintiff, therefore, fails to plausibly allege a First Amendment Access to the Courts claim and, thus, this claim shall be dismissed.

### B. Deliberate Indifference Based on a Failure to Train

Plaintiff brings a Deliberate Indifference Based on a Failure to Train claim against Defendant Sheriff Bradshaw.[3] Plaintiff does not indicate whether he brings this claim against Defendant Bradshaw in his individual or official capacity. After reviewing the Complaint, the Court construes the Complaint as raising an official capacity claim against Defendant Bradshaw. Plaintiff's allegations do not reference Defendant Bradshaw, but Plaintiff does allege that "Palm Beach Sheriff[']s Office [is responsible for failing] to train staff and law associates to ensure they do not violate inmates constitutional rights[.]" ECF No. [3] at 6. Since official capacity suits against individuals are fundamentally against the office they represent, the Court construes the Complaint as raising an official capacity Deliberate Indifference Based on a Failure to Train claim against Defendant Bradshaw. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978))).

---

[3] Since Plaintiff does not indicate whether he is a convicted prisoner or a pretrial detainee, the Court cannot determine whether his Deliberate Indifference Based on a Failure to Train claim is brought under the Eighth or Fourteenth Amendment. However, this distinction does not affect the Court's analysis because "the standards under the Fourteenth Amendment [for deliberate indifference claims] are identical to those under the Eighth." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (alteration added).

However, Plaintiff seeks only monetary damages, and official capacity claims yield only injunctive relief. *See Cross v. Ala. Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995)) ("The Eleventh Amendment bars [plaintiff's] section 1983 lawsuit for monetary damages against [defendants] in their official capacities." (alterations added)); *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011) (explaining that "a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment" (citations omitted)). For this reason, the official capacity claim against Defendant Bradshaw must be dismissed.

### C. First Amendment Freedom of Speech Claim

Plaintiff raises a First Amendment Freedom of Speech claim against an unidentified individual. The Eleventh Circuit has held that reading an inmate's legal documents outside his presence "interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech." *Mitchell*, 10 F.4th at 1230-31 (quoting *Al-Amin v. Smith*, 511 F.3d 1317, 1334 (11th Cir. 2008)); *see also Christmas v. Nabors*, 76 F.4th 1320, 1329 (11th Cir. 2023) ("Our cases applying the legal-mail rule hinge on whether a prison official's conduct sufficiently chills, inhibits, or interferes with an inmate's ability to speak, protest, and complain openly to his attorney so as to infringe his right to free speech." (quotation marks omitted)). However, Plaintiff merely alleges that "Law Associates ongoing continual practice of reading my civil complaints on 8/7/23 and 8/9/23 and refusing to provide requested copies." ECF No. [1] at 6. Plaintiff's failure to describe, let alone identify, the individual responsible for the purported mishandling of his legal correspondence prevents the Court from allowing this claim to proceed to service. As such, this claim must be

6

dismissed. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (explaining that dismissal of defendants is appropriate where the plaintiff failed to allege facts associating defendants with a particular constitutional violation).

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This action is **DISMISSED** without prejudice for failure to state a claim on which relief may be granted.

2. All pending motions are **DENIED AS MOOT**, and

3. The Clerk is **DIRECTED** to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 18, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Jacob Gibbs, *PRO SE*
0394037
West Detention Center
Inmate Mail/Parcels
Post Office Box 1450
Belle Glade, Florida 33430